**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY M. GRUTTER,
      Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
      Agency.

DOCKET NUMBER
PH-844E-20-0012-I-1

DATE: July 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Berger</u>, Esquire, Glen Cove, New York, for the appellant.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision issued by the Office of Personnel Management (OPM) finding the appellant's request for reconsideration untimely filed. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was separated from his Federal Air Marshal position with the Transportation Security Administration in August 2014 because of his medical inability to perform. Initial Appeal File (IAF), Tab 8 at 6, 44. In September 2015, the appellant applied for disability retirement benefits under the Federal Employees Retirement System (FERS). *Id.* at 62. On April 26, 2016, OPM issued an initial decision dismissing the appellant's application and informing him that his application was incomplete and lacked the necessary medical evidence and supporting documentation. *Id.* at 28-29. The initial decision informed the appellant of the process by which he could request reconsideration. *Id.* at 28. The appellant responded with the necessary documentation. *Id.* at 22-26. On June 26, 2018, OPM rescinded its initial decision, notified the appellant that his disability retirement application appeared to be untimely filed, and set forth the requirements for waiver of the time limit. *Id.* at 19-20.

On October 12, 2018, OPM issued an initial decision dismissing the appellant's application as untimely based on a finding that no information had been received showing that the appellant was mentally incompetent to file a timely application. *Id*. at 16-17. OPM's initial decision informed the appellant of his right to request reconsideration and of the 30-day deadline in which he must submit such a request. *Id*. at 17.

On July 22, 2019, OPM notified the appellant that it did not receive a request for reconsideration and informed him of the criteria for waiver of the deadline for an untimely request for reconsideration. *Id*. at 13. OPM further notified the appellant that his request for waiver of the time limit must be submitted within 30 days. *Id*. The appellant, through counsel, responded to OPM's letter. *Id*. at 6-7. He argued that he *did* request reconsideration, attached documents purporting to prove this, and, alternatively, requested waiver of the 30-day deadline based on his severe mental health issues. *Id*. The documents attached included an October 1, 2018 letter from the appellant to OPM and a September 10, 2018 letter from the Director of the Vet Center at the Department of Veterans Affairs (VA), where the appellant was treated for Post-Traumatic Stress Disorder (PTSD) and Traumatic Brain Injury (TBI), both of which predated OPM's reissued initial decision. *Id*. at 11-12. OPM subsequently issued a final decision, finding that the appellant failed to timely request reconsideration or present sufficient evidence that he was unable to timely request reconsideration within the time limit. *Id*. at 4-5.

The appellant subsequently appealed OPM's final decision to the Board, arguing that his mental health condition prevented him from timely filing his disability retirement application. IAF, Tab 1 at 4. The administrative judge held a hearing at which the appellant testified. IAF, Tab 14, Hearing Compact Disc (HCD). The administrative judge provided the appellant an opportunity to subpoena the remaining witnesses and complete the hearing. IAF, Tab 15. At the request of the appellant, the administrative judge issued a subpoena ordering the

Director of the Vet Center to appear via telephone to testify in the appellant's case. IAF, Tab 19.

After the appellant served the Director of the Vet Center, the VA restricted this individual from testifying and refused to comply with the subpoena. IAF, Tab 23 at 12-13. The appellant filed a motion to enforce the subpoena. *Id.* at 4-8. The administrative judge denied the appellant's motion to enforce the subpoena, finding that the witness was only a licensed clinical worker rather than a psychiatrist, and thus could not meaningfully testify about the proffered issues, including providing expert testimony regarding the appellant's PTSD diagnosis and whether he was mentally incompetent during the relevant filing period. IAF, Tab 23 at 20-21, Tab 24 at 1. The administrative judge further found that the witness already provided a letter describing the appellant's condition, which appeared to provide all the information she could realistically testify to on the witness stand. IAF, Tab 24 at 1. The administrative judge further noted that the appellant had already provided testimony about his condition, and specifically about how his mental health conditions allegedly prevented him from timely filing a request for reconsideration. *Id.*

The administrative judge subsequently issued an initial decision affirming OPM's reconsideration decision and finding the appellant not entitled to a waiver of the deadline to request reconsideration. IAF, Tab 27, Initial Decision (ID) at 1. He found that the appellant received a timely notice of his right to seek reconsideration from the October 12, 2018 initial decision. ID at 4-5. He further found that the appellant's mental condition was insufficient to justify the 9-month delay in requesting reconsideration. ID at 5. In so holding, the administrative judge noted that the appellant had "adjusted" to his mental condition by automatically sending OPM documents to his counsel. ID at 5-6. Because he found that the appellant failed to demonstrate entitlement to a waiver of the time limit, the administrative judge found that he could not consider the merits of the

appellant's original disability retirement application or whether his original application was timely. ID at 6.

The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He asserts that the administrative judge failed to take into account his mental disabilities and argues that he is eligible for an extension of the time limit. *Id.* at 5-8. He further argues that the administrative judge erred in denying his motion to enforce the subpoena of the Director of the Vet Center. *Id.* at 5, 9-10. He argues that OPM acted unreasonably and abused its discretion in refusing to extend the time limit and dismissing his request for reconsideration as untimely. *Id.* at 8-10. Finally, he asserts that his original disability application was timely filed and argues the merits of his disability application. *Id.* at 9-10. The agency has not responded to his petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge's refusal to seek enforcement of the subpoena did not affect the outcome of this appeal.</u>

The appellant argues that the administrative judge erred in denying his motion to enforce the subpoena against the Director of the Vet Center. *Id.* at 9-10. The administrative judge denied the appellant's motion, finding that the Director's letter, which was in the record, provided all the information she could realistically provide on the witness stand. IAF, Tab 24 at 1.

If a person who has been served with a Board subpoena fails or refuses to comply with its terms, the party seeking compliance may file a written motion for enforcement. 5 C.F.R. § 1201.85(a). The Board, in accordance with 5 U.S.C. § 1204(c), may then ask the appropriate United States district court to enforce the subpoena. *Id.* The administrative judge has wide discretion to control the proceedings before him, including the authority to exclude testimony he believes would be irrelevant, immaterial, or repetitious. *Brownscombe v. Office of Personnel Management*, 37 M.S.P.R. 382, 386 (1988), *aff'd*, 871 F.2d 1097 (Fed. Cir. 1989) (Table). The Board will not reverse an administrative judge's rulings

on discovery matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). Regardless of whether the administrative judge abused his discretion in declining to seek enforcement of the subpoena in district court, we find that any such error was harmless.

An adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984). The appellant here did not establish that the testimony of the Director would add anything to the information in the record. *See Brownscombe*, 37 M.S.P.R. at 386. Rather, the appellant merely repeats the information contained in the Director's statement in the record, explaining various effects of his mental condition. PFR File, Tab 1 at 7; IAF, Tab 8 at 12. As set forth below, the information in the record is insufficient to establish that his medical conditions prevented him from timely requesting reconsideration. Indeed, the administrative judge considered the appellant's medical conditions, but nonetheless found them insufficient to justify the 9-month delay in requesting reconsideration. ID at 5-6. Moreover, given that the Director was a Licensed Clinical Social Worker, not a psychiatrist, it does not appear that she diagnosed the appellant with PTSD or TBI; rather, her letter merely stated that she provided treatment to the appellant for those conditions and generally explained some of the potential impacts of PTSD and TBI. IAF, Tab 8 at 12, Tab 23 at 20-21. Thus, the appellant did not show how this witness's absence impaired the proceedings or his rights. *Brownscombe*, 37 M.S.P.R. at 386; *see also Panter*, 22 M.S.P.R. at 282 (finding an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

## The administrative judge correctly held that the appellant's request for reconsideration was untimely.

The appellant, in requesting reconsideration to OPM, argued that he timely requested reconsideration of the initial decision. IAF, Tab 8 at 6-7. The

administrative judge held that the appellant's documents, which predated OPM's initial decision, were in response to OPM's June 26, 2018 letter, and not in response to the initial decision. ID at 6. Under FERS, a request for reconsideration must be received by OPM within 30 calendar days from the date of the initial decision. 5 C.F.R. § 841.306(d)(1). The appellant does not challenge this finding on review, and we see no reason to disturb it. Indeed, the letters purportedly requesting reconsideration, dated October 1 and September 10, 2018, predated OPM's October 12, 2018 initial decision. IAF, Tab 8 at 14-17.

<u>The administrative judge correctly held that the appellant failed to show that he is eligible for a waiver of the 30-day time limit.</u>

The administrative judge found that the appellant was timely notified of his right to seek reconsideration and of the 30-day time limit. ID at 4-5. The parties do not challenge this finding on review, and we decline to disturb it. The appellant on review argues that his medical conditions rendered him unable to comply with the time limit, and thus he was prevented by circumstances beyond his control from timely requesting reconsideration. PFR File, Tab 1 at 6. The administrative judge found that the appellant's medical condition was insufficient to demonstrate that he was prevented by circumstances beyond his control from timely requesting reconsideration. ID at 5-6. We agree.

Under FERS, OPM's regulations provide that OPM may extend the time limit for requesting reconsideration when the individual shows either that: (1) he was not notified of the time limit and was not otherwise aware of it; or (2) he was prevented by circumstances beyond his control from making the request within the time limit. *Kent v. Office of Personnel Management*, 123 M.S.P.R. 103, ¶ 8 (2015); 5 C.F.R. § 841.306(d)(2). If an appellant shows that he qualified for an extension of the time limit under OPM's regulations, the Board then will consider whether OPM acted unreasonably or abused its discretion in refusing to extend the time limit and dismissing his request for reconsideration as untimely filed. *Kent*, 123 M.S.P.R. 103, ¶ 8. If, however, the appellant does not first show that

he qualified for an extension under OPM's regulatory criteria, the Board will not reach the issue of whether OPM was unreasonable or abused its discretion in denying his untimely request for reconsideration. *Id.* The good cause standard the Board would apply to cases untimely filed with the Board is a more lenient standard than the narrower factual criteria under 5 C.F.R. § 841.306(d)(2). *Id.*

The administrative judge here considered the appellant's medical conditions, including the statement provided by the Director of the Vet Center, but found that they failed to demonstrate circumstances beyond his control or justify the 9-month delay. ID at 5-6. The Board has held that medical problems which merely *interfere* with an appellant's ability to timely request reconsideration fall short of a showing that an appellant was "prevented" from doing so. *See Meister v. Office of Personnel Management*, 52 M.S.P.R. 508, 515-16 (1992) (finding the appellant's bronchitis and back problems, which rendered her "unable to take a more active part" in requesting reconsideration, was insufficient to prove she was medically prevented from requesting reconsideration). By contrast, the Board has found that an appellant who suffered from fibromyalgia, migraines, and was bedridden for days and weeks at a time demonstrated that she was prevented by circumstances beyond her control from timely requesting reconsideration. *Williams v. Office of Personnel Management*, 100 M.S.P.R. 190, ¶¶ 4, 8-10 (2005). The appellant in *Williams* additionally made several attempts to call OPM and seek an extension of the filing period due to her incapacitating medical conditions, and her request for reconsideration was filed just one day after the 30-day deadline. *Id.*, ¶¶ 4, 9.

The appellant here presented evidence that he suffered from PTSD and TBI, which "can result in distraction in concentration, forgetfulness, and memory loss." IAF, Tab 8 at 15. As stated in the letter from the Director of the Vet Center, his condition "can often result in missed appointments and deadlines along with forgetting daily responsibilities." *Id.* Additionally, the appellant testified that he had difficulty completing tasks and staying focused. HCD

at 13:22 (testimony of the appellant). He further testified that he had difficulty remembering things, including appointments. HCD at 16:15 (testimony of the appellant). Specifically regarding his correspondence with OPM, the appellant testified that it was overwhelming, he could not understand the verbiage, and he began forwarding all OPM correspondence to his counsel. HCD at 17:55 (testimony of the appellant).

We find that the appellant has failed to meet his burden of proving that he was prevented by circumstances beyond his control from requesting reconsideration during the time limit. There is no evidence that the appellant contacted OPM prior to the filing deadline, and his 9-month delay in filing is significantly longer than the 1-day delay in *Williams*. Moreover, the record reflects that the appellant was able to request reconsideration of OPM's first initial decision, despite his medical conditions. IAF, Tab 8 at 25-33. Given that his system of forwarding OPM correspondence to his counsel allowed him to request reconsideration of a different initial decision, and to generally correspond and cooperate with OPM throughout the process, we find that his medical conditions merely interfered with his ability to file a request for reconsideration, as opposed to preventing him from doing so. *See Meister*, 52 M.S.P.R. at 515-16.

To the extent the appellant argues that OPM's July 22, 2019 letter was a waiver of the time limit, we are unpersuaded. PFR File, Tab 1 at 4-5. Therein, OPM merely informed the appellant that it had not received a request for reconsideration, and provided him an opportunity to meet his burden of proving entitlement to a waiver of the deadline. IAF, Tab 8 at 13. This letter in no way suggested that it was extending his deadline to file a request for reconsideration but rather provided a 30-day deadline to request a waiver of the original time limit. *Id.*

The appellant additionally argues that OPM acted unreasonably or abused its discretion in refusing to extend the time limit. PFR File, Tab 1 at 8-9. He also argues the merits of his original disability retirement application and asserts

that his original application was timely filed. *Id.* The administrative judge held that, because the appellant failed to show that he was entitled to a waiver of the time limit, the Board cannot consider such claims. ID at 6. We agree. *See Kent*, 123 M.S.P.R. 103, ¶ 8 (finding that if an appellant does not first show that he qualified for an extension of the time limit, the Board will not reach the issue of whether OPM was unreasonable or abused its discretion in denying his untimely request for reconsideration).

Accordingly, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.